Filed 12/30/20  P. v. Santos CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDGAR JOAQUIN SANTOS,<br><br>    Defendant and Appellant. | H047559<br>(Santa Clara County<br>Super. Ct. No. C1901841) |

Defendant Edgar Joaquin Santos appeals an 11-year sentence imposed after he pleaded no contest to forcible rape and kidnapping.  Upon defendant's timely appeal, we appointed counsel to represent him in this court.  Appellate counsel initially filed an opening brief, but later moved to strike the brief upon realizing the single appellate argument raised in the opening brief was based on counsel's misreading of a statute.  Appellate counsel then filed a brief stating the case and facts but raising no issues.  We notified defendant of his right to submit written argument on his own behalf, and defendant has not done so.

We have reviewed the entire record to determine if there are any arguable appellate issues.  (*People v. Wende* (1979) 25 Cal.3d 436, 440–441.)  We include here a brief description of the facts and procedural history of the case as well as the conviction and punishment imposed.  (*People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)  Finding no arguable issue, we will affirm the judgment.

# I.  TRIAL COURT PROCEEDINGS

According to an offense summary in the probation report, a woman was on a walk late one afternoon in 2010.  A man approached her from behind, put a knife to her neck, and ordered her to get into his van.  She struggled with the man once inside the van and he struck her in the face, rendering her unconscious.  She awoke hours later as the man was pushing her out of the van.  Her pants were pulled down to the middle of her thighs and she had "vaginal soreness."  She believed she had been raped and was eventually transported to the hospital for a Sexual Abuse Response Team (SART) exam.  DNA was collected during the SART exam, but the investigation was suspended in 2012 for lack of evidence.

According to the probation report, the investigation was reactivated in 2018 when "a CODIS [Combined DNA Index System] hit of the DNA taken from the SART exam returned as matching DNA in another case from 2003" involving defendant.  (The record contains no explanation as to why the initial 2010 investigation did not uncover the DNA evidence from 2003.)  The probability of the DNA from the 2010 SART exam matching someone other than defendant's 2003 DNA sample was 1 in 300 billion.

Defendant was arrested in 2018 and charged with two counts:  kidnapping to commit rape (Pen. Code, § 209, subd. (b)(1)), and rape by force, violence, duress, menace, or fear (Pen. Code, § 261, subd. (a)(2)).  As to both counts, the complaint alleged defendant personally used a deadly weapon (Pen. Code, § 12022.3, subd. (a)), and personally inflicted great bodily injury (Pen. Code, § 12022.7, subd. (a)).

As part of a negotiated disposition, defendant pleaded no contest to rape as well as to an added simple kidnapping count (Pen. Code, § 207, subd. (a)).  The parties stipulated to a sentence of 11 years in prison, and the prosecution agreed to move to dismiss the remaining count and all special allegations in the complaint.

Defendant (apparently without the assistance of his appointed trial counsel) filed a handwritten motion to withdraw his plea as well as a form request for a *Marsden* hearing.

2

(*People v. Marsden* (1970) 2 Cal.3d 118.) The motion to withdraw the plea appears to assert ineffective assistance of trial counsel; defendant requested a *Marsden* hearing and asserted without factual support that a "[p]lea is not knowingly and intelligently made when the defendant does not know all of the meritorious defenses available." The trial court denied the *Marsden* motion after a hearing. As for defendant's pro se motion to withdraw his plea, defendant's trial counsel stated at the sentencing hearing that "[b]ased on [counsel's] review of [defendant's] grievances and concerns, I don't know that any of them add up to a legal reason for me to withdraw his plea." The prosecutor added for the record that the parties had spent a "significant amount of time in court" on the day defendant accepted the plea agreement, and that the court had even allowed defendant to borrow a phone so that he could discuss the plea deal with his wife. The trial court did not rule on the motion to withdraw the plea on the record, although the clerk's sentencing minute order indicates that the motion was denied.

Consistent with the negotiated disposition, the trial court sentenced defendant to 11 years in prison, consisting of the middle term of six years for rape (Pen. Code, §§ 261, subd. (a)(2), 264, subd. (a)) and a consecutive five-year middle term for kidnapping (Pen. Code, §§ 207, subd. (a), 208, subd. (a)). The court dismissed the remaining count and the special allegations on the prosecution's motion. The court imposed a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)(1)) and a suspended $300 parole revocation fine (Pen. Code, § 1202.45); an $80 court operations assessment (Pen. Code, § 1465.8); and a $60 court facilities funding assessment (Gov. Code, § 70373). The court also entered a "general order of restitution." It declined to impose the criminal justice administration fee because there was "no evidence ... before the Court which would justify the imposition of that fee." Defendant was ordered to register as a sex offender, and ordered to have no contact with the victim for 10 years. Defendant received 308 days of presentence custody credit, based on 268 actual days and 40 days' conduct credit (Pen. Code, § 2933.1).

We have reviewed the entire record and find no arguable issue.

## II. DISPOSITION

The judgment is affirmed.

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Danner, J.

**H047559** – *The People v Santos*